UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY BROFFMAN, M.D., | Case No.  13-cv-04922-JD |
| Plaintiff, | |
| v. | **ORDER RE LATE-DISCLOSED WITNESSES** |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al., | Re: Dkt. No. 88 |
| Defendants. | |

At the December 30, 2014 hearing in this case, defendants informally raised, and the Court discussed with the parties, the issue of seven new witnesses whom plaintiff had just recently disclosed to defendants.  The Court requested a declaration from plaintiff further explaining the circumstances of the late disclosure, which plaintiff submitted on January 4, 2015.  Dkt. No. 88.  Plaintiff has now informed the Court that he deems defendants to have made an oral motion to strike those witnesses, and he requests that the Court rule on that motion.  Dkt. No. 93.

The Court has reviewed and considered plaintiff's declaration.  Dkt. No. 88.  It attaches as an exhibit plaintiff's supplemental disclosure of witnesses, dated December 23, 2014, which lists seven additional witnesses.  *Id*., Ex. D.  It also attaches an e-mail in which plaintiff's counsel acknowledged to defendants' counsel that these seven witnesses "should have been disclosed" to plaintiff earlier.  *Id*., Ex. C.  Counsel's declaration also recognizes that the failure to disclose these witnesses earlier was the result of errors, oversights and lapses.

While the Court acknowledges plaintiff's counsel's forthrightness, the Court is unable to find on the basis of the facts set forth in counsel's declaration that the failure to disclose these seven additional witnesses until the eve of the discovery cut-off was "substantially justified."  Fed. R. Civ. P. 37(c)(1).  As a result, plaintiff may not use these witnesses "to supply evidence on a

United States District Court
Northern District of California

1    motion, at a hearing, or at a trial, unless" the failure to disclose was "harmless."  *Id.*

2         The Court will consequently permit plaintiff to present at trial only those of the seven

3    witnesses, if any, whom defendants have already deposed as of the date of this order and as to

4    whom defendants have no objection (at least on the basis of plaintiff's late disclosure).  To the

5    extent that does not describe any of the seven witnesses at issue, the Court concludes that fairness

6    dictates that those witnesses must be excluded from trial as provided by Federal Rule of Civil

7    Procedure 37(c)(1).[1]

8         **IT IS SO ORDERED**.

9    Dated:  February 20, 2015

10   _____

11   JAMES DONATO
     United States District Judge

United States District Court
Northern District of California

---

[1] Plaintiff may, of course, nevertheless call these witnesses at trial if they are to be used "solely for impeachment," *see* Fed. R. Civ. P. 26(a)(1)(A)(i), but the Court advises plaintiff to be mindful that "rebuttal" is <u>not</u> synonymous with "impeachment."  *See, e.g., Hagan v. California Forensic Medical Group*, No. CIV. S-07-1095 LKK, 2009 WL 689740 (E.D. Cal. Mar. 5, 2009).

2