UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY BROFFMAN, M.D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-04922-JD<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

　　　　The Court intends to read these preliminary instructions to the jury that is seated after voir dire on April 27, 2015.

　　　　Any objections are due by **noon** (12:00 p.m.) on Friday, April 24, 2015.

　　　　**IT IS SO ORDERED.**

Dated:  April 23, 2015

_____
JAMES DONATO
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### **INSTRUCTION NO. 1: DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source
Ninth Circuit Model Civil Jury Instructions 1.1A.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 2: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this case claims that defendants improperly denied him benefits under a disability insurance policy.  He claims that defendants' denial breached the insurance policy, and that defendants handled his claims in violation of the obligation of good faith and fair dealing. Defendants claim that plaintiff was not entitled to the denied benefits, and they deny that their claim handling constituted a breach of their obligation of good faith and fair dealing.  The plaintiff has the burden of proving both claims.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.2.

**INSTRUCTION NO. 3: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;
2.   the exhibits which are received into evidence; and
3.   any facts to which the lawyers have agreed.

Source
Ninth Circuit Model Civil Jury Instruction 1.6.

## INSTRUCTION NO. 4: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source
Ninth Circuit Model Civil Jury Instruction 1.7.

United States District Court
Northern District of California

4

## **INSTRUCTION NO. 5: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source
Ninth Circuit Model Civil Jury Instruction 1.9.

## **INSTRUCTION NO. 6: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;
2.   the witness's memory;
3.   the witness's manner while testifying;
4.   the witness's interest in the outcome of the case and any bias or prejudice;
5.   whether other evidence contradicted the witness's testimony;
6.   the reasonableness of the witness's testimony in light of all the evidence; and
7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source
Ninth Circuit Model Civil Jury Instruction 1.11.

## INSTRUCTION NO. 7: EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source
Ninth Circuit Model Civil Jury Instruction 2.11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## INSTRUCTION NO. 8: IMPEACHMENT EVIDENCE - WITNESSES

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source
Ninth Circuit Model Civil Jury Instruction 2.8.

## INSTRUCTION NO. 9: QUESTIONS TO WITNESSES BY JURORS

You will be allowed to ask questions to witnesses after the lawyers have completed their questioning of each witness.  You may ask questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to raise your hand and ask a question.  If I decide the question should not be answered I will instruct the witness not to answer the question.

There are some questions that I will not permit to be answered, or will rephrase from the wording you use.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not have the witness answer your question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to ask questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.


Source
Ninth Circuit Model Civil Jury Instruction 1.15.

### INSTRUCTION NO. 10: DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 2.4.

# INSTRUCTION NO. 11: STIPULATION OF FACT

The parties have agreed to the following facts.  You should therefore treat these facts as having been proved.

1. On June 2, 1989, Provident Life and Accident Insurance Company issued Dr. Broffman disability insurance policy # 6-335-5008698.  The policy had an effective date of July 1, 1989.

2. The amount of current total disability benefits under the policy is $9,760.00 per month.

3. On February 16, 2011, plaintiff underwent surgery on spinal discs in his lower back known technically as an L3-4 far lateral microdiscectomy.

4. Plaintiff's policy was in effect when he submitted his disability claim on March 29, 2011. He was 59 years old at the time he submitted his claim.

5. All insurance claim handling activities in conjunction with Dr. Broffman's disability claim were conducted by employees of Unum Group, the parent company of Provident Accident and Life Insurance Company.

6. At the time his disability arose, Dr. Broffman worked for Sutter Medical Group of the Redwoods as an otolaryngologist, a medical specialty dealing with disorders of the ears, nose, head, neck and throat.

7. Unum paid plaintiff monthly disability benefits from May 13, 2011 through November 30, 2011.

8. On August 8, 2012, Unum concluded that plaintiff was not entitled to additional disability benefits.

9. In a letter dated November 12, 2012, plaintiff wrote to Unum to request that his claim be reopened.

10. On November 20, 2012, Plaintiff tendered his resignation to his employer.

11. On May 17, 2013, Unum concluded that Plaintiff was not entitled to additional disability benefits.

Source
Ninth Circuit Model Civil Jury Instruction 1.3.

United States District Court
Northern District of California

## INSTRUCTION NO. 12: BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source
Ninth Circuit Model Civil Jury Instruction 1.3.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 13: CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.12.

13

## **INSTRUCTION NO. 14: NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source
Ninth Circuit Model Civil Jury Instructions 1.13 and 1.14.

## INSTRUCTION NO. 15: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.10.

## **INSTRUCTION NO. 16: OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source
Ninth Circuit Model Civil Jury Instruction 1.9.

**INSTRUCTION NO. 17: CAUTIONARY INSTRUCTION - FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my courtroom deputy, Ms. Clark, to give to me.

<u>Source</u>
Ninth Circuit Model Criminal Jury Instruction 2.1.

United States District Court
Northern District of California

17