UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY BROFFMAN, M.D.,

           Plaintiff,

     v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,

           Defendants.

Case No.  13-cv-04922-JD

**FINAL JURY INSTRUCTIONS**

      The Court will give these final instructions to the jury after closing arguments.  Objections, if any, will be heard tomorrow morning.

      **IT IS SO ORDERED.**

Dated:  May 4, 2015

                           _____
                           JAMES DONATO
                           United States District Judge

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 1: DUTY OF JURY</u>

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law.  A copy of these instructions will be available in the jury room for you to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## **INSTRUCTION NO. 2: WHAT IS EVIDENCE**

2

The evidence you are to consider in deciding what the facts are consists of:

3

4     1.     the sworn testimony of any witness;
      2.     the exhibits which are received into evidence; and
      3.     any facts to which the lawyers have agreed.

## INSTRUCTION NO. 3: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.
Certain things are not evidence, and you may not consider them in deciding what the facts are.
I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.
    What they have said in their opening statements, closing arguments, and at other times is
    intended to help you interpret the evidence, but is not evidence.  If the facts as you
    remember them differ from the way the lawyers have stated them, your memory of them
    controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their
    clients to object when they believe a question is improper under the rules of evidence.  You
    should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to
    disregard, is not evidence and must not be considered.  In addition, sometimes testimony
    and exhibits are received only for a limited purpose; when I give a limiting instruction, you
    must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence.
    You are to decide the case solely on the evidence received at the trial.

3

1

## <u>INSTRUCTION NO. 4: DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

2

3

4

5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

## <u>INSTRUCTION NO. 5: CREDIBILITY OF WITNESSES</u>

2

3

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

4

5

In considering the testimony of any witness, you may take into account:

6

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case and any bias or prejudice;
5.  whether other evidence contradicted the witness's testimony;
6.  the reasonableness of the witness's testimony in light of all the evidence; and
7.  any other factors that bear on believability.

7

8

9

10

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

11

12

13

14

15

United States District Court
Northern District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

5

## INSTRUCTION NO. 6: EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 7: DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **INSTRUCTION NO. 8: IMPEACHMENT EVIDENCE - WITNESSES**

2

3

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## **INSTRUCTION NO. 9: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 10: CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## **INSTRUCTION NO. 11: BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 12: BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 13: CORPORATIONS AND PARTNERSHIPS - FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 14: LIABILITY OF CORPORATIONS</u>

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### INSTRUCTION NO. 15: AGENT AND PRINCIPAL

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The one for whom services are performed is called a principal.  One may be an agent without receiving compensation for services.  The agency agreement may be oral or written.

## <u>INSTRUCTION NO. 16: AGENT SCOPE OF AUTHORITY</u>

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

United States District Court
Northern District of California

16

## **INSTRUCTION NO. 17: ACT OF AGENT AS ACT OF PRINCIPAL**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

United States District Court
Northern District of California

**INSTRUCTION NO. 18: STIPULATIONS OF FACT**

The parties have agreed to the following facts.  You should therefore treat these facts as having been proved.

1.  On June 2, 1989, Provident Life and Accident Insurance Company issued Dr. Broffman disability insurance policy # 6-335-5008698.  The policy had an effective date of July 1, 1989.

2.  The amount of current total disability benefits under the policy is $9,760.00 per month.

3.  On February 16, 2011, plaintiff underwent surgery on spinal discs in his lower back known technically as an L3-4 far lateral microdiscectomy.

4.  Plaintiff's policy was in effect when he submitted his disability claim on March 29, 2011. He was 59 years old at the time he submitted his claim.

5.  All insurance claim handling activities in conjunction with Dr. Broffman's disability claim were conducted by employees of Unum Group, the parent company of Provident Accident and Life Insurance Company.

6.  At the time his disability arose, Dr. Broffman worked for Sutter Medical Group of the Redwoods as an otolaryngologist, a medical specialty dealing with disorders of the ears, nose, head, neck and throat.

7.  Unum paid plaintiff monthly disability benefits from May 13, 2011 through November 30, 2011.

8.  On August 8, 2012, Unum concluded that plaintiff was not entitled to additional disability benefits.

9.  In a letter dated November 12, 2012, plaintiff wrote to Unum to request that his claim be reopened.

10. On November 20, 2012, Plaintiff tendered his resignation to his employer.

11. On May 17, 2013, Unum concluded that Plaintiff was not entitled to additional disability benefits.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 19: BREACH OF CONTRACT

Dr. Broffman claims that Provident Life and Accident Insurance Company breached its duty to pay him for a loss covered under an insurance policy.  To establish this claim, Dr. Broffman must prove all of the following by a preponderance of the evidence:

1. That Dr. Broffman suffered a loss which was covered under an insurance policy with Provident Life and Accident Insurance Company;

2. That Provident Life and Accident Insurance Company was notified of the loss as required by the policy; and

3. The amount of the covered loss that Provident Life and Accident Insurance Company failed to pay.

## <u>INSTRUCTION NO. 20: DEFINITION OF TOTAL DISABILITY</u>

Plaintiff's disability policy defines "total disability" as follows:

"Total Disability" or totally disabled means that due to Injuries or Sickness:

1.   You are not able to perform the material and substantial duties of your occupation; and

2.   You are receiving care by a Physician which is appropriate for the condition causing the disability.

Your occupation means the occupation in which you are regularly engaged at the time you become disabled.  If your occupation is limited to a recognized specialty within the scope of your degree or license, your specialty is deemed to be your occupation.

This means that plaintiff is eligible for benefits if he is unable to perform the material and substantial duties of his own occupation in the usual and customary manner with reasonable continuity.

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## INSTRUCTION NO. 21: IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably or without proper cause, act or fail to act in a manner that deprives the insured of the benefits of the policy. It is not a mere failure to exercise reasonable care.  However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

**INSTRUCTION NO. 22: BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING - FAILURE OR DELAY IN PAYMENT**

Dr. Broffman claims that Provident Life and Accident Insurance Company breached the obligation of good faith and fair dealing by failing to pay and delaying payments of benefits due under the insurance policy.  To establish this claim, Dr. Broffman must prove all of the following by a preponderance of the evidence:

    1.    That Dr. Broffman suffered a loss covered under an insurance policy  with Provident Life and Accident Insurance Company;

    2.    That Provident Life and Accident Insurance Company was notified of the loss;

    3.    That Provident Life and Accident Insurance Company unreasonably or without proper cause failed to pay and/or delayed payment of policy benefits;

    4.    That Dr. Broffman was harmed; and

    5.    That Provident Life and Accident's failure to pay and/or delay in payment of policy benefits was a substantial factor in causing Dr. Broffman's harm.

In determining whether Provident Life and Accident Insurance Company acted unreasonably or without proper cause, you should consider only the information that Provident Life and Accident knew or reasonably should have known at the time when it failed to pay/delayed payment of policy benefits.

If you find that Unum Group was an agent for Provident Life and Accident Insurance Company, then any act or omission of Unum Group within the scope of authority can be considered an act or omission of Provident Life and Accident Insurance Company.

United States District Court
Northern District of California

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 23: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm.

## INSTRUCTION NO. 24: FAILURE TO PROPERLY INVESTIGATE CLAIM

Defendant Provident Life and Accident Insurance Company acted unreasonably or without proper cause if it failed to conduct a full, fair and thorough investigation of all of the bases of the claim. When investigating Dr. Broffman's claim, Provident Life and Accident Insurance Company had a duty to diligently search for and consider evidence that supported coverage of the claim loss.

**INSTRUCTION NO. 25: DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's breach of contract and/or breach of implied covenant of good faith and fair dealing claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. For his breach of contract claim, Dr. Broffman claims damages for unpaid benefits for:

   a. Total disability for the periods of December 2, 2011 to March 15, 2012;

   b. Residual disability for the period of March 16, 2012 through December 31, 2012; and

   c. Total disability for the period of January 1, 2013 through trial.

2. For his breach of the obligation of good faith and fair dealing claim, Dr. Broffman claims the following damages:

   a. Mental suffering/anxiety/humiliation/emotional distress; and

   b. An amount of future contract benefits that you reasonably conclude after examination of the policy and other evidence that plaintiff would have received had the contract been honored by the insurer.

No fixed standard exists for deciding the amount of damages for mental or emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental or emotional distress, Dr. Broffman must prove that he is reasonably certain to suffer that harm.

To recover the value of future benefits under his policy, Dr. Broffman must prove that he is reasonably certain to remain totally disabled under the terms of the policy.

In determining the amount of damages, if any, to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in the evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require Dr. Broffman to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**INSTRUCTION NO. 26: PUNITIVE DAMAGES**

If you decide that Provident Life and Accident Insurance Company's conduct caused Dr. Broffman harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Provident Life and Accident only if Dr. Broffman proves that Provident Life and Accident engaged in that conduct with malice, oppression, or fraud. To do this, Dr. Broffman must prove one of the following by clear and convincing evidence:

 1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Provident Life and Accident who acted on behalf of Provident Life and Accident; or

 2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Provident Life and Accident Insurance Company; or

 3. That one or more officers, directors, or managing agents of Provident Life and Accident Insurance Company knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Provident Life and Accident Insurance Company acted with intent to cause injury or that Provident Life and Accident Insurance Company's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Provident Life and Accident Insurance Company's conduct was despicable and subjected Dr. Broffman to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Provident Life and Accident Insurance Company intentionally misrepresented or concealed a material fact and did so intending to harm Dr. Broffman.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision-making such that his or her decisions ultimately determine corporate policy.

If you find that Unum Group was an agent for Provident Life and Accident Insurance Company, then any act or omission of Unum Group within the scope of authority can be considered an act or omission of Provident Life and Accident Insurance Company.

26

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

1.  How reprehensible was Provident Life and Accident Insurance Company's conduct?  In deciding how reprehensible Provident Life and Accident's conduct was, you may consider, among other factors:

    a.  Whether the conduct caused physical harm;

    b.  Whether Provident Life and Accident Insurance Company disregarded the health or safety of others;

    c.  Whether Dr. Broffman was financially weak or vulnerable and Provident Life and Accident Insurance Company knew Dr. Broffman was financially weak or vulnerable and took advantage of him;

    d.  Whether Provident Life and Accident Insurance Company's conduct involved a pattern or practice; and

    e.  Whether Provident Life and Accident Insurance Company acted with trickery or deceit.

2.  Is there a reasonable relationship between the amount of punitive damages and Dr. Broffman's harm or between the amount of punitive damages and potential harm to Dr. Broffman that Provident Life and Accident Insurance Company knew was likely to occur because of its/their conduct?

3.  In view of Provident Life and Accident Insurance Company's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Provident Life and Accident Insurance Company has substantial financial resources.  If you find that Unum Group engaged in willful misconduct for which it would have to pay money to Provident Life and Accident Insurance Company, you may also consider the financial condition of Unum Group.

In deciding whether or in what amount to award punitive damages, you may consider only the specific conduct by Provident Life and Accident Insurance Company that injured plaintiff in this case.  You may not punish Provident Life and Accident Insurance Company for conduct or practices that did not affect Dr. Broffman, even if you believe that such conduct or practices were wrongful or deserving of punishment.

United States District Court
Northern District of California

27

## <u>INSTRUCTION NO. 27: TREBLING OF PUNITIVE DAMAGES</u>

The law permits, but does not require, a jury to treble any punitive damages award when a defendant's conduct is directed towards a disabled person. It provides that in actions brought by or on behalf of a disabled person to redress unfair or deceptive acts or practices or unfair methods of competition, such as a breach of the obligation of good faith and fair dealing, the jury may triple any award of punitive damages if it finds certain facts to be true.

A "disabled person" means "a person who has a physical or mental impairment that substantially limits one or more major life activities."

A physical or mental impairment means any of the following:

(A) A physiological disorder or condition, cosmetic disfigurement, or anatomical loss substantially affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; or endocrine.

(B) A mental or psychological disorder, including intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities. "Physical or mental impairment" includes, but is not limited to, diseases and conditions that include orthopedic, visual, speech, and hearing impairment, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, and emotional illness.

"Physical or mental impairment" includes, but is not limited to, diseases and conditions that include orthopedic, visual, speech, and hearing impairment, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, and emotional illness.

"Major life activities" means functions that include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

If you award punitive damages against Provident Life and Accident Insurance Company, you should consider, in addition to those factors you considered in awarding punitive damages, if one or more of the following is true:

1.   Provident Life and Accident Insurance Company knew or should have known that its conduct was directed to one or more disabled persons; or

2.   Provident Life and Accident Insurance Company's conduct caused one or more disabled persons to suffer loss of a source of income or assets essential to the health or welfare of the disabled person; or

28

3.      One or more disabled persons are substantially more vulnerable than other members of the public to the defendants' conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damages resulting from Provident Life and Accident Insurance Company's conduct.

If you find one or more of the above facts is true you may, but are not required to, triple any punitive damage award you made.  You may increase an award by less than three times, or even having made such findings, you may choose not to triple the award you made.

1

2

## INSTRUCTION NO. 28: DAMAGES ARISING IN THE FUTURE DISCOUNT TO PRESENT CASH VALUE

3

Any award for future economic damages must be for the present cash value of those damages.

4

Noneconomic damages such as pain and suffering are not reduced to present cash value.

5

6

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

7

8

9

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 29: DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

**INSTRUCTION NO. 30: CONSIDERATION OF EVIDENCE - CONDUCT OF THE JURY**

2

3   Because you must base your verdict only on the evidence received in the case and on these
    instructions, I remind you that you must not be exposed to any other information about the case or

4   to the issues it involves.  Except for discussing the case with your fellow jurors during your
    deliberations:

5
    Do not communicate with anyone in any way and do not let anyone else communicate with

6   you in any way about the merits of the case or anything to do with it.  This includes
    discussing the case in person, in writing, by phone or electronic means, via email, text

7   messaging, or any Internet chat room, blog, website or other feature.  This applies to
    communicating with your family members, your employer, the media or press, and the

8   people involved in the trial.  If you are asked or approached in any way about your jury
    service or anything about this case, you must respond that you have been ordered not to

9   discuss the matter and to report the contact to the court.

10
    Do not read, watch, or listen to any news or media accounts or commentary about the case

11  or anything to do with it; do not do any research, such as consulting dictionaries, searching
    the Internet or using other reference materials; and do not make any investigation or in any

12  other way try to learn about the case on your own.

13  The law requires these restrictions to ensure the parties have a fair trial based on the same
    evidence that each party has had an opportunity to address.  A juror who violates these restrictions

14  jeopardizes the fairness of these proceedings, and a mistrial could result that would require the
    entire trial process to start over.  If any juror is exposed to any outside information, please notify

15  the court immediately.

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

## **INSTRUCTION NO. 31: COMMUNICATION WITH COURT**

2

3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

33

1

## <u>INSTRUCTION NO. 32: RETURN OF VERDICT</u>

2

3   A verdict form has been prepared for you.  After you have reached unanimous agreement on a
    verdict, your foreperson will fill in the form that has been given to you, sign and date it, and
    advise the court that you are ready to return to the courtroom.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California